BANCROFT & CO. v. W. A. & C. M. TALBOTT.

1. The provisions of sections 228 and 229 of the code of civil procedure are made applicable to proceedings before justices of the peace, by section 202 of the justices code, so that a justice of the peace may discharge an attachment made under his order, upon the ground that the facts stated in the affidavit, upon which the order was issued, are not true.

2. Whether an order discharging such attachment may be reviewed on error, on the ground that it is supposed to be against the evidence, *quære?* But if so, the finding should be clearly against the weight of the testimony, otherwise it will not be reversed.

MOTION for leave to file a petition in error to the District Court of Belmont county.

The plaintiffs in error brought their action against the defendants in error before a justice of the peace, for goods sold and delivered, and at the same time procured an order of attachment upon an affidavit, showing, among other things, that the defendants had disposed of part of their property with intent to defraud creditors. The defendants, afterward and before judgment, moved the court to discharge the attachment on the ground that the charge of fraud on which the attachment was issued was not true.

Upon the hearing of this motion, numerous affidavits were read, both in support of the motion and in support of the original affidavit, and the justice discharged the attachment. The plaintiffs excepted, and filed their bill of exceptions, embodying all the testimony given on the hearing of the motion.

On petition in error, the court of common pleas, and afterward the district court, affirmed the order discharging the attachment.

*J. H. Collins*, for the motion:

I. The justice had no jurisdiction to hear the motion to dissolve the attachment or to make the order dissolving it. *Jones'* v. *Reed,* 1 Johns. 20; *Wells* v. *Newkirk,* 1 Johns. 228; 1 Comstock, 191; Ib. 594; 3 Johns. 429; 4 Ohio, 200; Ohio Constitution, art. 4, sec. 9.

1. Justices of the peace have only limited jurisdiction—that which is expressly conferred by statute—and exercise no power not thus given.

2. The only means provided by the justices code for discharging an attachment is that contained in sections 23 and 52, in both of which the means provided is an undertaking.

3. Section 228 of the civil code is not, in its nature, applicable to proceedings before justices. (*a.*) A justice of the peace is not a "court in session," nor a "judge in vacation." (*b.*) Section 202 of the justices code does not make section 228 of the civil code applicable, because there is a special provision made by statute for proceedings on attachments before justices.

4. The power to issue an attachment does not include the power to dismiss it after it is issued. If this were so, a clerk of the common pleas court could dissolve an attachment on motion.

5. The fact that there is such a provision as section 228 of the civil code, which is omitted from the justices code, shows an express intent on the part of the legislature to withhold such power from justices.

6. I call especial attention to the legislation on this subject by the legislature of 1857 (54 Ohio L.)

By the act on page 18, amending section 45 of the justices code, if the *plaintiff* appeals he must give bond to pay the defendant all damage he may sustain, if the court of *common pleas* decides that the attachment was wrongfully obtained. Why is this question of the wrongfulness of the attachment thus reserved for the court of common pleas if the justice has authority to decide it? And how

would the court decide it, except upon a motion to discharge the attachment?

The same legislature passed the act entitled "an act to amend the act regulating appeals to the district court" (p. 26), providing for reviewing the proceedings of courts of record on motions to dismiss attachments.

Take these two acts together, and it is evident the legislature understood that a justice has no power to determine the question whether an attachment is wrongfully obtained or not, on a motion for its discharge.

*D. D. T. Cowen,* contra, argued that a justice has the right to discharge an order of attachment issued by him on the ground that it was "improvidently" issued, and that section 228 of the code is made applicable to justices of the peace by section 202 of the justices code. True, there is a special provision for obtaining a discharge of an attachment before a justice by giving an undertaking, but there is no special provision as to discharging it because it was "improvidently" issued, which is a very different provision; and it will be observed that the framers of the civil code put the "provisions" on this subject in a separate subdivision of the code from the provision in relation to procuring a discharge by undertaking.

The claim that section 228 of the code is not applicable by reason that the justice is not a judge and that he is not a "court in session," is answered in *Hallanan* v. *Crow*, 15 Ohio St. 176. The court is also referred to Swan's Treatise (10 ed.), 412.

If the statute does not confer the power in question, upon a justice of the peace, then we claim that he has the power without statutory authority. Drake on Attachment, secs. 399–405, and authorities there cited.

By the Court. Two questions have been discussed in this case, each of which, it may be said, is important and difficult.

1. Has a justice of the peace power to discharge an at-

tachment issued by him, on the ground that the affidavit upon which it was issued is untrue? If authorized to do so by statute, the authority must be found in section 202 of the justices code (S. & C. 804), which provides: "The provisions of the act entitled ' an act to establish a code of civil procedure,' passed March 11, 1853, which are in their nature applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace." The justices code confers jurisdiction to issue attachments, but no "special provisions" are made therein for the discharge thereof, except upon the giving of undertakings, as is provided in sections 33 and 52. Among the provisions in the " code of civil procedure " at the date of the passage of the justices code, to wit, March 14, 1853, were the following: " Sec. 228. The defendant may at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment as to the whole or a part of the property attached." " Sec. 229. If the motion be made upon affidavits on the part of the defendant, or papers and evidence in the case, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to that on which the order of attachment was issued." Upon this state of legislation it would appear very clearly that sections 228 and 229 of the civil code were " applicable to proceedings before justices of the peace." A doubt, however, is raised by an amendment of section 228, passed March 11, 1857, which provides that " the motion may be heard and decided by the court in any term or regular session thereof; or the motion may be made, heard, and decided by any judge thereof in vacation."

While it is true that the terms of this addition to the section do not seem appropriate to a justice's court, which is always open and has but one judge, still the substantive " provisions " of the section " are in their nature applicable to the jurisdiction and proceedings before justices." But whether the clause added by the amendment was in-

tended to apply to justices or not, we are of opinion that the provision, as it stood before and still remains, confers the authority on justices to discharge attachments in such cases ?

2. Can the order of a justice discharging, or refusing to discharge an attachment, be reviewed on error on the ground that the finding of the court is supposed to be against the evidence ?

While some members of the court are prepared to answer this question in the negative, we are all of opinion that if the weight of the evidence may be inquired into, the order should not be disturbed, unless it be clearly against the evidence ; and that, in this case, there is no such preponderance against it as would justify a reversal of the order discharging the attachment. The motion is therefore overruled.