McIlvaine, J.
Of the points raised by counsel for plaintiff in error, we shall consider only two :
1. "Were counter-affidavits admissible on the hearing of the motion to discharge the attachment ?
By the act of April 16, 1873 (70 Ohio L. 132), it is enacted “ That every person who has a family, and every widow, shall hold the following property exempt from execution or sale for any debt, damages, fine, or amercement, to wit: . . . Sixth. The personal earnings of the debtor, and the personal earnings of his or her minor child or children, for any time not exceeding three months previous to the rendition of the judgment, or the assessment of the fine or amercement, upon which execution is issued, when it shall be made to appear, by affidavit of the debtor, or otherwise, that such earnings are necessary to the support of the debtor, or of his or her family.”
Section 30 of the justices’ code (Swan & Critchfield, 776), provides “ That the order of attachment may be made to accompany the summons, or at any time thereafter, before judgment; it shall be addressed and delivered to any constable of the proper township, and shall require him to attach the goods, chattels, stocks, or interest in • stocks, rights, credits, moneys, and effects of the defendant, in the *14 •county, not exempt by law from being applied to the payment of the plaintiff’s claim,” etc.
It thus appears that the personal earnings of the debtor, within three months, are exempt from attachment, “ when it is made to appear, by the affidavit of the debtor or otherwise, that such earnings are necessary to the support of ■such debtor or his family.” Otherwise, they are subject to attachment for the satisfaction of his debts, etc.
Prima facie, all the earnings of the debtor are subject to “be attached. It is only when earned within the previous three months, and when it is made to appear that they are necessary to the support, etc., that they are exempted.
In this case, the earnings of the debtor were seized by the garnishee process. Prima facie, this seizure was lawful. The burden ofmaking it appear that the seizure was wrongful rests on the debtor. He assumed this burden, .and made his affidavit, in support of the motion to discharge the attachment, that the necessity existed; and it is claimed that the fact is thus conclusively made to appear. Is this claim defensible ?
Previous to the decision of Bancroft v. Talbott, 29 Ohio St. 538, doubts were entertained as to the power of a justice of the peace to entertain a motion to discharge an attachment ; but in that case it was settled that such power existed, under the provisions of the code of civil procedure, which were made applicable to proceedings before justices of the peace, in this respect. Now, by the same reasoning, it is quite clear that, if the motion to discharge lie supported by affidavits, it may be opposed by affidavits, as section 229 of the code of civil procedure provides •“ That if the motion (to discharge an attachment) be made upon affidavits on the part of the defendant, or papers and ■evidence in the case, but not otherwise, the plaintiff may •oppose the same by affidavits or other evidence, in addition to that on which the order of attachment was made.”
The justice, therefore, did not err in receiving evidence .against the motion to discharge the attachment.
2. Can an order of a justice of the peace, in granting or *15 overruling a motion to discharge an attachment, be reviewed on the ground that such order was against the weight of the testimony ?
In the case of Bancroft v. Talbott, supra, it was said: “ While some members of the court are prepared to answer this question in the negative, we are all of opinion -that, if the weight of the evidence may be inquired into, the order should not be disturbed, unless it be 'clearly .against the evidence; and that, in this case, there is no such preponderance against it as .would justify a reversal of the order discharging the attachment.”
In the case now before us, it might be said that there is no such preponderance of evidence against the order refusing to discharge the attachment as would justify its reversal.
But, in order to settle the practice in such cases, we now decide that there is no provision made by legislation, as it now stands, for preserving the evidence offered on such motion, or for reviewing the decision of the justice, upon the ground that such'order, either in granting or refusing the motion, is contrary to the evidence.
The statute prescribing the contents of a justice’s docket (section 208 of the justices’ code, S. & C. 804, 805) does not require any evidence to be recorded. And the only statute which authorizes a bill of exceptions to be signed by a justice is the act of February 11,1869 (66 Ohio L. 7) ; and the sole object of the bill of exceptions provided for in this act is to authorize a review of the questions of law arising during a trial of the cause before the justice.
Judgment of the district court reversed, and of the common pleas affirmed.