DAVID MILLER ET AL., PLAINTIFFS IN ERROR, V. ANNIE CURRY, ADM'R, ETC., DEFENDANT IN ERROR.

Justice of Peace: REVIVOR OF ACTION. The provisions of the code for the revival of actions and judgments apply to actions before justices of the peace.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*G. W. Shields*, for plaintiffs in error.

*J. J. O'Connor*, for defendant in error.

MAXWELL, J.

The question presented in this case is the authority of a justice of the peace to revive a judgment rendered in his court that has become dormant by lapse of time. The court below held that a justice possessed no such power, and enjoined a sale on an execution issued on such revived judgment.

The code provides a complete system of procedure for the revival of an action upon motion, on the death of one or both of the parties to the action. Code, §§ 456 to 470 inclusive.

Section 473 provides that: "If a judgment become dormant it may be revived in the same manner as is prescribed for reviving actions before judgment."

Sec. 1085 declares "that the provisions of the code, which are in their nature applicable, and in respect to which no special provision is made by statute, shall apply to proceedings before justices of the peace."

These provisions evidently are applicable to justices of the peace, and without them in many cases there might be a failure of justice.

In *State v. Hunger*, *ante* p. 216, decided at the present

21

term, we held that where two or more executions issued out of justice's court against the same debtor, and were delivered to an officer on the same day, the provisions of section 484 applied, and no preference should be given to either of said writs. The mode of conducting the trial before a justice of the peace is regulated by section 283, while the authority of the justice to permit the jury to view the property, which is the subject of litigation, or the place in which any material fact involved in the action occurred, is derived from section 284 of the code. The form of the verdict, also the mode of returning it and polling the jury, are derived alone from the general provisions of the code. See §§ 290, 291, 285, 294, 287, etc. There are many other provisions of the code applicable to actions before justices of the peace, to which it is unnecessary to refer. It is the duty of the court so to construe the provisions of the code in their nature applicable to actions in justices' courts as to enable such justices to enforce and protect the rights of the parties before them and administer justice. We hold therefore that the provisions of the code for the revival of judgments are applicable to actions before justices of the peace.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.