[Coshocton (5th) Circuit Court, November Term, 1891.]

Albaugh, Jenner and Follett, JJ.

*\* EMMA E. SQUIRES V. JOSEPH MARTIN, ADMR.*

1. LIBERAL RULES SHOULD GOVERN IN REVIEWING PROCEEDINGS OF MAGISTRATES.

    It is the duty of a reviewing court to adopt liberal rules in reviewing the proceedings of justices of the peace and other inferior tribunals, so far as respects regularity and form, provided they act within the limits of their jurisdiction.

2. SUFFICIENT PLEADINGS IN JUSTICE COURTS.

    No particular form of bill of particulars or pleading is required before a justice of the peace. It is sufficient if it simply states the nature of the claim in general terms, or substantially states the facts constituting the cause of action; it is not required to state a cause of action before a justice of the peace with the accuracy of a petition in the court of common pleas. There was no error in the justice overruling the motion of defendant below to dismiss the action, on the grounds that the plaintiff's bill of particulars did not allege his appointment and capacity as administrator, or that the claim was duly presented to him and rejected, or in overruling the motion for a new trial.

3. EXCEPTIONS EMBODYING EVIDENCE BEFORE A JUSTICE OF THE PEACE NOT REVIEWABLE, WHEN.

    That the finding or verdict is against the weight of the evidence does not come within Sec. 6565 Rev: Stat., authorizing exceptions in cases before justices of the peace, which provides, "In all cases before a justice of the peace, whether tried by jury or by the justice, either party shall have the right to except to the decisions of the justice upon any matters of law arising in the case," and the bill of exceptions embodying the evidence cannot be considered by the reviewing court with a view of reversing the judgment.

4. SUFFICIENT EVIDENCE OF CAPACITY OF ADMINISTRATOR.

    In an action against a party as administrator, who is properly summoned as such administrator, and who appears and makes a defense before a justice of the peace, and prosecutes error proceedings in the court of common pleas, and as such administrator answers to the summons of the plaintiff in error in this court, and contests the plaintiff's claim in all the courts, is sufficient evidence by admission of his capacity as such administrator to sustain a judgment against him as such.

5. PRESUMPTION THAT PROCEEDINGS ARE REGULAR.

    Where the transcript on its face shows that the proceedings of the justice of the peace were regular, every presumption will be made in favor of the judgment. It will therefore be presumed that every fact necessary to establish the liability of the defendant was properly proven before the justice and jury.

6. OBJECTION AFTER VERDICT WILL NOT LIE TO VENUE, WHEN.

    Under an agreement of the parties, to avoid a change of venue or place of trial, there can be no objection made after verdict by either party to the justice making a statement to the jury, as evidence for the plaintiff, such statement having been made by consent of parties.

ERROR to the court of common pleas of Coshocton county.

---

\* This decision was affirmed by the Supreme Court without report, December 4, 1894, Martin v. Squires, 52 Ohio St. 634.

**W. & A. H. Stillwell,** for plaintiff in error, cited:

Swans Treatise (16 ed.) 16, 35; Bruder v. Biehl, 1 Circ. Dec. 51 (1 R. 85); Sec. 6565 Rev. Stat.; Leonard v. Cincinnati, 26 Ohio St. 447, second syllabus; Baer v. Otto, 34 Ohio St. 11, second syllabus (opinion 15); Bancroft v. Talbott, 29 Ohio St. 538; and see Barto v. Abbe, 16 Ohio 408, and State v. Wood, 22 Ohio St. 537.

**Himebaugh & Nicholas,** for defendant in error.

**ALBAUGH, J.**

The case of Emma E. Squires, plaintiff in error, against Joseph Martin, administrator of the estate of Martha Simpson, deceased, defendant in error, is an action brought by the plaintiff against the defendant, Joseph Martin, as such administrator, before William Hickson, justice of the peace of Jackson township, Coshocton county, and was tried to a jury, March 26, 1891, resulting in a verdict and judgment for the plaintiff and judgment for costs.

Upon the trial before the justice the defendant, Martin, moved to dismiss the action, "on the ground that the plaintiff's bill of particulars does not set out and allege the appointment of the defendant, and his capacity as administrator of Martha Simpson, deceased, and does not allege that the claim on which this action is founded was presented to the defendant as such administrator, and rejected by him."

The justice overruled this motion, to which Martin by his attorneys excepted, and the plaintiff was permitted to amend her bill of particulars, by stating on the margin (although it is not shown on the docket or the transcript, but it appears on the original bill), that Martin was the duly appointed, qualified and acting administrator of the estate of Martha Simpson, and that said claim was presented to him as such administrator, by the justice, at the request of the plaintiff, and he was requested to endorse the claim as allowed, or to pay the same, which he refused to do.

It also appears that before the trial, at the time the jury was selected, it was agreed between the parties by their attorneys, to avoid a change of venue and removal of the case before another justice for trial, that justice Hickson should state to the jury certain facts as evidence for the plaintiff, which was claimed to be material on the trial. After the verdict was returned for the plaintiff, Martin filed a motion for new trial, which was overruled and exception taken, and a bill of exceptions embodying all the evidence given at the trial.

Martin, as such administrator, thereafter prosecuted error in the court of common pleas and reversed the judgment of the justice, and the plaintiff in error now brings this proceeding to reverse the judgment of the court of common pleas.

In the court of common pleas, Martin as such administrator alleged that there was error in the record and proceedings of the justice substantially as follows:

1.   In overruling his motion to dismiss the action on the ground that the plaintiff's bill of particulars did not allege his appointment as administrator, and that the claim was duly presented to him as such administrator, and rejected.

2.   In overruling the motion to set aside the verdict of the jury, on the ground that it was against the weight of the evidence, and that there was no evidence offered to show that defendant below was administrator of the estate of Martha Simpson, deceased.

3.   That there was no evidence offered that plaintiff's claim was ever presented to defendant as such administrator, for his allowance or rejection, or that the claim had been rejected by him.

4.   That the justice erred in his charge to the jury on the trial of said cause; that the special request of plaintiff was misleading, and not supported by any evidence in the case.

5.   The facts set forth in the bill of particulars of plaintiff below are not sufficient to maintain said action against plaintiff in error.

6.   The justice erred in the admission of the evidence of plaintiff below, to which defendant below objected.

7.   The justice erred in excluding evidence offered by defendant below.

Defendant in error, Emma Squires, in the court of common pleas, filed a motion, supported by affidavit, for diminution of the record, suggesting that the transcript and record of the justice were imperfect and incomplete, in this, that they do not show the allowance by said justice of an amendment by plaintiff below to her bill of particulars, made and endorsed on the margin of the original bill of particulars March 25, 1891, at the time of and before commencement of the trial, in the presence of the court and jury, and requested that an order issue to the justice to correct his record and transcript so that they show the facts as to the amendment, which motion the court overruled, to which defendant in error excepted. Afterwards at the April term, to-wit, April 20, 1891, of the court of common pleas, the case was heard on the petition in error, and the following entry made:

"On consideration whereof the court find that there is error in said proceedings and judgment, and said judgment is therefore reversed at the costs of the defendant in error, and it is further ordered that the case be retained in the court of common pleas for trial and judgment as in case of appeal, to which ruling and decision defendant, Emma E. Squires, by her counsel, excepts."

Squires v. Martin.

This proceeding is now brought in this court to reverse the judgment of the court of common pleas, alleging that the court erred in reversing the judgment of the justice of the peace, and in taxing the costs against her, and in ordering that the case be retained in that court for trial.

It is the duty of a reviewing court to adopt liberal rules in reviewing proceedings before justices of the peace and other inferior tribunals, so far as respects regularity and form, provided they act within the limits of their jurisdiction. No particular form of bill of particulars, or pleading is required before a justice of the peace. It is sufficient if it simply states the nature of the claim in general terms, or substantially states the facts constituting the cause of action; it is not required to state a cause of action with the accuracy of a petition in the court of common pleas. Swan's Treatise (16 ed.) 16, 35; Bruder v. Biehl, 1 Circ. Dec. 51 (1 R. 85).

There was no error in the justice overruling the motion of defendant below to dismiss the action, on the grounds that the plaintiff's bill of particulars did not allege his appointment as administrator, and that the claim was duly presented to him and rejected, or in overruling his motion for a new trial.

As to the claim that the verdict was against the weight of the evidence, we hold this does not come within the provisions of the statute authorizing exceptions in cases before justices of the peace. Section 6565 Rev. Stat. provides, "In all cases before a justice of the peace, whether tried by jury or by the justice, either party shall have the right to except to the decisions of the justice upon any matters arising in the case;" and the bill of exceptions containing the evidence cannot be considered by the reviewing court with a view of reviewing the finding or verdict. The sole object of the bill of exceptions provided for in this section is for the review of questions of law.

The Supreme Court have substantially held to this effect in Leonard v. Cincinnati, 26 Ohio St. 447 (second syllabus); also in Baer v. Otto, 34 Ohio St. (second syllabus) 11, opinion 15, and see Bancroft v. Talbot, 29 Ohio St. 538; also Barto v. Abbe, 16 Ohio 408, and State v. Wood, 22 Ohio St. 537. See 90 O. L. 358, 359 (1893); Sec. 6565 Rev. Stat., amended.

It is further claimed by the defendant in error, that there is not sufficient evidence to show that he is the administrator of the estate of Martha Simpson, deceased, and no evidence to support the verdict, and that there was no evidence offered to show that the plaintiff's claim was presented for his allowance or rejection as such administrator. The record shows that the defendant appeared before the justice of the peace

and contested the case as administrator; also in the error proceedings in the court of common pleas and again in this court. The appearance of the defendant in error as such administrator in the courts below and in this court, and contesting plaintiff's claim in all the courts, is evidence by admission sufficient of his capacity as such administrator, and the claim, under such circumstances, that there was no evidence upon the trial that he is · the administrator, is too technical for consideration, in view of the liberality allowed under the statute in actions before justices of the peace.

The transcript on its face shows that the proceedings of the justice of the peace were regular. Every presumption is therefore in favor of the judgment. It will therefore be presumed that every fact necessary to establish the liability of the defendant was properly proven upon the trial before the justice and the jury. We find in this record evidence sufficient, in our opinion, to support the verdict, that the claim was presented to the defendant as such administrator and its allowance refused. Then again the presenting of the claim to the defendant as administrator and his refusal to allow it as a valid claim, are shown by the testimony of the justice before whom the case was tried, whose testimony was admitted by consent of the parties. There are other assignments of error which we have examined, but which are not of sufficient importance to notice further than to say that we find no error in the proceedings before the justice of the peace.

Upon an examination of the whole record of the justice of the peace and the proceedings in the court of common pleas on error, we are of the opinion that there are no substantial errors disclosed in the proceedings before the justice prejudicial to Martin as administrator, and that the common pleas court erred in reversing the judgment and proceedings of the justice of the peace, and in taxing the costs against defendant in error, and it is thereupon ordered and adjudged that the judgment of the court of common pleas be reversed, at the costs of defendant in error, Joseph Martin as administrator, and that of the justice be affirmed and that the case be remanded for further proceedings.