## CRAIN v. BODE.

NEGOTIABLE INSTRUMENTS—DAYS OF GRACE—JUDGMENTS—ATTACHMENT—SUIT ON DEBT BEFORE MATURITY.

1. Three days of grace are allowed by statute, upon negotiable instruments. (L. 1888, Ch. 70, Sec. 62.)

2. In an action, aided by attachment, brought upon a debt before it is due, a judgment rendered prior to the maturity of the debt is erroneous.

3. An attachment does not issue as a matter of course or of right in an action brought upon a claim before it is due

under the provisions of the statute (Rev. Stat., Secs. 2912-
2918), but there must be an affirmative order on the part of
the court or judge allowing the attachment.

4. In the absence of such an order, the action is not main-
tainable, and a judgment rendered therein for the plain-
tiff is a nullity.

5. An offer by defendant, in an action so improperly brought,
made on the day the judgment was rendered, but prior
thereto, to pay the amount of the note sued on, which offer
is refused, and the money returned to defendant, does not
operate as a waiver of the illegality of the judgment pre-
maturely rendered; the defendant interposing no answer
or defense, but objecting to the entry of any judgment on
jurisdictional grounds.

[Commenced in Justice Court July 13, 1893. Decided March 20,
1895.]

ERROR to the District Court for Laramie County. HON.
RICHARD H. SCOTT, Judge.

The instrument sued on was as follows:

"$28.16                    Cheyenne, Wyo., May 5, 1893.

Three months after date, for value received, I promise to pay
to the order of Mrs. Jennie W. Crain twenty-eight 16-100
dollars, at the Stock Growers National Bank, of Cheyenne,
Wyoming, with interest at——per cent. from now until paid,
and we also promise to pay all costs, expenses and attorney's
fees, in case of suit on this note.         Rose R. Bode."

The action was commenced in justice court July 13, 1893,
as upon a debt not due. The affidavit for attachment stated
as grounds therefor that defendant had sold, conveyed and
disposed of her property with the fraudulent intent to cheat
and defraud her creditors, and to hinder and delay them in
the collection of their debts; that she was about to do so;
was about to remove part of her property with the intent and
effect of cheating and defrauding her creditors; and that she
was about to become a non-resident of the State of Wyoming.
There was no order of the justice allowing the attachment. A
motion was made to dissolve the attachment, and upon a hear-

ing was denied. Judgment was rendered for the plaintiff August 7, 1893. On error in the district court, such judgment was reversed. From the judgment of the district court error was prosecuted to the Supreme Court.

*W. R. Stoll,* for plaintiff in error.

The justice court had jurisdiction of the subject matter, and of the person, and the judgment, if prematurely rendered was but an irregularity, which was waived by the tender. A maker of a note may waive his right to insist upon the application of the rule as to days of grace. The statutory provisions respecting actions upon debts before maturity are applicable to justice courts. (R. S., sec. 3420.)

*Ralph E. Esteb,* and *Frank H. Clark,* for defendant in error.

The instrument sued on was entitled to days of grace. (L., 1888, ch. 70, secs. 38, 62, 63, 37; I Dan'l Neg. Instr., sec. 613.) No action could be brought thereon until the day following the expiration of the days of grace. 1 Wait's Act. & Def., 641, and citations.) The term month used in a negotiable instrument means a calendar month. (1 Dan'l Neg. Instr., sec. 624; 2 Am. & Eng. Ency. L., 396, and citations.) The judgment, being prematurely entered, was void. (Sutherland Stat. Const., sec. 471, et seq.) The justice had no jurisdiction for the reason that the provisions relative to suits upon claims before maturity do not apply to such courts. (R. S., sec. 3541, 3573, 3416.)

GROESBECK, CHIEF JUSTICE.

An action was brought before H. Glafcke, a justice of the peace, by the plaintiff in error upon a promissory note for the sum of $28.16, dated May 5, 1893, and payable three months after date. The suit was brought in attachment under the provisions of the code of civil procedure permitting an action to be brought on a claim before it is due, upon an affidavit for attachment alleging one or more of the statutory grounds, and upon the allowance of the attachment by the court or judge specifying the amount for which the attachment is allowed, not exceeding a sum sufficient to satisfy the plain-

tiff's claim and the probable costs of the action. Rev. Stat., secs. 2912-2918. The cause was taken by change of venue to W. P. Carroll, another justice of the peace for the same precinct, and the attachment was sustained upon a hearing on the traverse of the grounds of the affidavit for attachment. Judgment was finally rendered for the plaintiff in error August 7, 1893, one day before the note became due, allowing the statutory period of grace. The cause was taken to the district court for Laramie county by proceedings in error, where the judgment of the justice of the peace was reversed and set aside and the attachment was dissolved, and the plaintiff in error seeks to reverse this judgment of the district court.

The proceedings are not authorized by the justices' code as no provision appears therein for commencing an action before a debt is due, either by attachment or otherwise, but it is contended that the provisions of the code of civil procedure are applicable in such case in courts of justices of the peace by force of the statute.

A section of the justices' code found in section 3420 of the Revised Statutes reads as follows: "Every justice of the peace in this territory (State) after qualifying, is hereby authorized to hold his court for the trial of all actions of which jurisdiction is given him by law, and to hear, try and determine the same according to law; and for that purpose, when no special provision is otherwise made by law, such court shall be vested with all necessary powers which are possessed by courts of record in this territory (State); and all laws of a general nature are to apply to such justice's court so far as the same may be applicable, and not inconsistent with the provisions of this chapter."

It was held in Kansas, where the statute declares that the provisions of the code of civil procedure which are in their nature applicable to the jurisdiction and proceedings before justices of the peace and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace, that a provision of the code of procedure for civil cases permitting an action to be brought by attach-

ment before the maturity of the debt, did not apply to justices of the peace, on the ground that the legislature had covered the whole ground of attachment and garnishment before justices by special provisions of the justices' code wherein no such proceeding was allowed as an attachment before the maturity of the debt. Lyons v. Insley, 32 Kansas, 174. In Ohio, under a similar provision, it was held that there being no special provision for a discharge of an attachment by proceedings upon a traverse of the original affidavit in attachment before justices, that the provisions of the civil code permitting a hearing upon the affidavit for attachment and the affidavit traversing the grounds of attachment, applied to proceedings before the justice. Bancroft v. Talbot, 29 Ohio St., 538. So it was held in Nebraska, that the provisions of the civil code of procedure for the revival of judgments and actions, applied to actions before and judgments rendered by justices of the peace, where the justice's act was silent in that respect, and the court says: "There are many other provisions of the code applicable to actions before justices of the peace, to which it is unnecessary to refer. It is the duty of the court so to construe the provisions of the code in their nature applicable to actions in justice's courts as to enable such justices to enforce and protect the rights of parties before them and to administer justice." Miller v. Curry, 17 Neb., 322. The Kansas constitution provides that the jurisdiction of the justices shall be such as is prescribed by law. Our constitution conferring jurisdiction upon justices of the peace employs different language than that used in defining the jurisdiction of the justices as contained in the justice's code (Rev. Stat., secs. 3415-3420), where the jurisdiction is minutely conferred or expressly prohibited in certain actions. The justices' code was enacted long before the admission of the State into the Union, and specified in what cases such an officer shall exercise jurisdiction and in what not.

The constitutional provisions are broader. "The justices of the peace herein provided for shall have concurrent jurisdiction with the district court in all civil actions where the amount in controversy, exclusive of costs, does not exceed two

hundred dollars, and they shall have such jurisdiction to hear and determine cases of misdemeanor as may be provided by law, but in no case shall justices of the peace have jurisdiction when the boundaries of or title to real estate shall come in question." Art. V, sec. 22, Const. But it is unnecessary to decide whether this grant of jurisdiction confers upon justices of the peace the power possessed by the district courts, to grant an attachment in a suit arising on contract before maturity under the provisions of the code of civil procedure. Indeed, it would hardly be proper in this case to do so, as the attention of counsel has not been called to the effect of this constitutional provision and our attention was not directed to the question by counsel. Assuming that the main contention of counsel for the plaintiff in error is correct, that the justice of the peace before whom the action was begun and the like officer before whom the cause was tried, was clothed with the jurisdiction possessed by the district courts in such cases, the judgment of the justice of the peace must be reversed, as it was rendered on the 7th day of August, 1893, one day before the debt sued upon was due, because our statute relating to negotiable instruments follows the rule of the law merchant and allows three days of grace on such instruments. Ch. 70 Sess. Laws, 1888, sec. 62. The provisions of the code under which this action must be maintained, if at all, are that "the plaintiff in such action (in attachment before maturity of the debt) shall not have judgment on his claim before it becomes due." Rev. Stat., sec. 2917. So, even if the provisions of the code invoked do apply to proceedings in the courts of justices of the peace, the justice was without jurisdiction to determine the cause and enter judgment before the note was due, and if such provisions are not applicable to the case at bar, it is certain that the magistrate had no jurisdiction whatever.

There is nothing in the record to indicate that the suit was commenced upon a debt conceded to be not due, except the statement of the grounds of the attachment which are found only in the language employed in the chapter of the code authorizing suits by attachment upon claims not due. The

original affidavit for attachment·is not in the record, and it is not reproduced by copy. The record discloses that it has been lost or mislaid. The entries on the docket of the justice of the peace, Glafcke, before whom the proceedings were instituted, states that on July 13, 1893, plaintiff claimed $28.70 due on the promissory note of defendant made and delivered May 5, 1893, and that she filed her affidavit for attachment on certain grounds which are set forth. It does not appear that the affidavit for attachment stated therein when the debt would become due, or that the claim was just. No order separate from the writ was made allowing the attachment or specifying the amount in which it was allowed as required by the statute. Under the chapter of the code of civil procedure referred to, an attachment does not issue as a matter of course or of right. There must be an affirmative order on the part of the court or judge allowing the attachment. Were it not for the language used in describing the grounds for attachment, the action would seem to be one upon a claim already due, and this is contradicted by the record and counsel concede that the claim was not due. It did not in fact become due until August 8, 1893, one day after judgment was rendered. For this reason the plaintiff was not entitled to bring the action and the judgment was a nullity. The docket of Justice Carroll also shows that on July 21st, 1893, the plaintiff pleaded orally claiming the amount of the note as then due, but the record of said justice shows that the note was filed and that the defendant insisted that the note was not due at said date. The offer·to ,pay the plaintiff the amount of the note made on the day the judgment was rendered was refused by the plaintiff and was returned by the justice ·to the attorney for the defendant. This does not operate as a waiver of the action of the justice prematurely rendering the judgment. The plea of tender was not made and the docket entries state that the defendant interposed no answer or defense and the tender was probably made in order to make a plea of tender at some future time, or to avoid future costs. The defendant persistently objected, as the record discloses, to the entry of any judgment at all on the ground that the

case was not properly brought and that the court had no authority to render the judgment, and there was no indication of any intention to concede anything on her part as the record clearly shows.

2. The evidence taken on the motion to dissolve the attachment does not at all support the finding that the defendant was about to become a non-resident of the State, the only point apparently at issue on the hearing upon the traverse of the original affidavit. The finding is not only against the weight of evidence in that respect, but is wholly unsupported by any evidence, and cannot stand. The motion to dissolve the attachment alleged as one ground that the debt was not due, and this motion preceded, as it should, the judgment. The attachment does not appear to be based upon initial papers or upon a sufficient affidavit and allowance of the attachment, in any amount, even conceding that the justice had jurisdiction of an action founded upon a debt not due. It is the duty of those pursuing an extraordinary remedy such as attachment to comply with the statute, and in this case there has been neither an exact nor a substantial compliance with the preliminaries required in such actions. Further than this, the motion to dissolve should have been granted for the reason that there was no evidence supporting the grounds alleged for the attachment. Under no possible phase of the case can the judgment and attachment stand.

The judgment of the district court dissolving the attachment and reversing and setting aside the judgment of the justice of the peace must be *affirmed.*

CONAWAY and POTTER, JJ., concur.