## PROCEEDINGS BEFORE JUSTICES OF THE PEACE.

[Circuit Court of Coshocton County.]

### EMMA E. SQUIRES v. JOSEPH MARTIN, ADMINISTRATOR.*

*Justice of the Peace—Liberal Rules Should Control—In Reviewing Proceedings Before—Sufficiehcy of Pleading and Presumption of Regularity—Exceptions as to Evidence not Reviewable, When.*

1. Where justices of the peace and other inferior tribunals act within their jurisdiction, liberal rules should be adopted in reviewing proceedings before them.

2. The bill of particulars is sufficient if it states the nature of the claim in general terms or substantially states the facts constituting the cause of action.

3. The sole object of the bill of exceptions mentioned in Section 6565 is to provide for a review of questions of law.

4. Where the transcript shows that the proceedings were regular, every presumption is in favor of the judgment.

5. In an action against an administrator, properly summoned as such, who appears and makes a defense, and prosecutes error to the common pleas, there is sufficient evidence by admission of his capacity as administrator without formal proof to that effect.

ALBAUGH, J.; JENNER, J., and FOLLET, J., concur.

The case of Emma E. Squires, plaintiff in error, against Joseph Martin, administrator of the estate of Martha Simpson, deceased, defendant in error, is an action brought by the plaintiff against the defendant, Joseph Martin, as such administrator, before William Hickson, justice of the peace of Jackson township, Coshocton county, and was tried to a jury, March 26, 1891, resulting in a verdict and judgment for the plaintiff and judgment for costs.

Upon the trial before the justice, the defendant, Martin, moved to dismiss the action, "on the ground that the plaintiff's bill of particulars does not set out and allege the appointment of the defendant, and his capacity as administrator of Martha Simpson, deceased, and does not allege that the claim on which this action is founded was presented to the defendant as such administrator, and rejected by him."

---

* Affirmed by the Supreme Court, without report, in *Martin* v. *Squires*, 52 Ohio State, 634.

The justice overruled this motion, to which Martin by his attorneys excepted, and the plaintiff was permitted to amend her bill of particulars, by stating on the margin (although it is not shown on the docket or the transcript, but it appears on the original bill), that Martin was the duly appointed, qualified and acting administrator of the estate of Martha Simpson, and that said claim was presented to him as such administrator, by the justice, at the request of the plaintiff, and he was requested to endorse the claim as allowed, or to pay the same, which he refused to do.

It also appears that before the trial, at the time the jury was selected, it was agreed between the parties by their attorneys, to avoid a change of venue and removal of the case before another justice for trial, that justice Hickson should state to the the jury certain facts as evidence for the plaintiff, which was claimed to be material on the trial. After the verdict was returned for the plaintiff, Martin filed a motion for a new trial, which was overruled and exception taken, and a bill of exceptions embodying all the evidence given at the trial.

Martin, as such administrator, thereafter prosecuted error in the court of common pleas and reversed the judgment of the justice, and the plaintiff in error now brings this proceeding to reverse the judgment of the court of common pleas.

In the court of common pleas, Martin, as such administrator, alleged that there was error in the record and proceedings of the justice substantially as follows:

1.. In overruling his motion to dismiss the action on the ground that the plaintiff's bill of particulars did not allege his appointment as administrator, and that the claim was duly presented to him as such administrator, and rejected.

2.  In overrulng the motion to set aside the verdict of the jury, on the ground that it was against the weight of the evidence, and that there was no evidence offered to show that defendant below was administrator of the estate of Martha Simpson, deceased.

3.  That there was no evidence offered that plaintiff's claim was ever presented to defendant as such administrator, for his allowance or rejection, or that the claim had been rejected by him.

4. That the justice erred in his charge to the jury on the trial of said cause; that the special request of plaintiff was misleading, and not supported by any evidence in the case.

5. The facts set forth in the bill of particulars of plaintiff below are not sufficient to maintain said action against plaintiff in error.

6. The justice erred in the admission of the evidence of plaintiff below, to which defendant below objected.

7. The justice erred in excluding evidence offered by defendant below.

Defendant in error, Emma Squires, in the court of common pleas, filed a motion, supported by affidavit, for diminution of the record, suggesting that the transcript and record of the justice were imperfect and incomplete, in this, that they do not show the allowance by said justice of an amendment by plaintiff below to her bill of particulars, made and endorsed on the margin of the original bill of particulars March 25, 1891, at the time and before commencement of the trial, in the presence of the court and jury, and requested that an order issue to the justice to correct his record and transcript so that they show the facts as to the amendment, which motion the court overruled, to which defendant in error excepted. Afterwards at the April term, to-wit, April 20, 1891, of the court of common pleas, the case was heard on the petition in error, and the following entry made:

"On consideration whereof the court find that there is error in said proceedings and judgment, and said judgment is therefore reversed at the costs of the defendant in error, and it is further ordered that the case be retained in the court of common pleas for trial and judgment as in case of appeal, to which ruling and decision defendant, Emma E. Squires, by her counsel, excepts."

This proceeding is now brought in this court to reverse the judgment of the court of common pleas, alleging that the court erred in reversing the judgment of the justice of the peace, and in taxing the costs against her, and in ordering that the case be retained in that court for trial.

It is the duty of a reviewing court to adopt liberal rules in reviewing proceedings before justices of the peace and other inferior tribunals, so far as respects regularity and form, pro-

vided they act within the limits of their jurisdiction.   No par-
ticular form of bill of particulars  or pleading is required be-
fore a justice of the peace.   It is sufficient if it simply states
the nature of the claim in general terms, or substantially states
the facts constituting the cause of action; it is not required to
state a cause of action with accuracy of a petition in the court
of common pleas.   Swan's Treatise (16 Ed.), 16, 35; *Bruder* v.
*Biehl,* 1 C. C., 85.

There was no error in the justice overruling the motion of
defendant below to dismiss the action, on the grounds that the
plaintiff's bill of particulars did not allege his appointment as
administrator, and that the claim was duly presented to him
and rejected, or in overruling his motion for a new trial.

As to the claim that the verdict was against the weight of the
evidence, we hold this does not come within the provisions of
the statute authorizing exceptions in cases before justices of the
peace.   Section 6565, Revised Statutes, provides, "In all cases
before a justice of the peace, whether tried by jury or by the
justice, either party shall have the right to except to the de-
cisions of the justice upon any matters arising in the case";
and the bill of exceptions containing the evidence can not be
considered by the reviewing court with a view of reviewing the
finding or verdict.   The sole object of the bill of exceptions pro-
vided for in this section is for the review of questions of law.

The Supreme Court have substantially held to this effect in
*Leonard* v. *Cincinnati,* 26 Ohio St., 447 (second syllabus) ; also
in *Baer* v. *Otto,* 34 Ohio St. (second syllabus), 11, opinion 15;
and see *Bancroft* v. *Talbot,* 29 Ohio St., 538; also *Barto* v. *Abbe,*
16 Ohio, 408, and *State* v. *Wood,* 22 Ohio St., 537.   See 90 O. L.,
358, 359 (1893) ; Section 6565, Revised Statutes, amended.

It is further claimed by the defendant in error, that there is
not sufficient evidence to show that he is the administrator of the
estate of Martha Simpson, deceased, and no evidence to support
the verdict, and that there was no evidence offered to show that
the plaintiff's claim was presented for his allowance or re-
jection as such administrator.   The record shows that the de-
fendant appeared before the justice of the peace and contested
the case as administrator; also in the error proceedings in the
court of common pleas and again in this court.   The appearance

of the defendant in error as such administrator in the courts below and in this court, and contesting plaintiff's claim in all the courts, is evidence by admission sufficient of his capacity as such administrator, and the claim, under such circumstances, that there was no evidence upon the trial that he is the administrator, is too technical for consideration, in view of the liberality allowed under the statute in actions before justices of the peace.

The transcript on its face shows that the proceedings of the justice of the peace were regular. Every presumption is therefore in favor of the judgment. It will therefore be presumed that every fact necessary to establish the liability of the defendant was properly proven upon the trial before the justice and the jury. We find in this record evidence sufficient, in our opinion, to support the verdict, that the claim was presented to the defendant as such administrator and its allowance refused. Then again the presenting of the claim to the defendant as administrator and his refusal to allow it as a valid claim, are shown by the testimony of the justice before whom the case was tried, whose testimony was admitted by consent of the parties. There are other assignments of error which we have examined, but which are not of sufficient importance to notice further than to say that we find no error in the proceedings before the justice of the peace.

Upon an examination of the whole record of the justice of the peace and the proceedings in the court of common pleas on error, we are of the opinion that there are no substantial errors disclosed in the proceedings before the justice prejudicial to Martin as administrator, and that the common pleas court erred in reversing the judgment and proceedings of the justice of the peace, and in taxing the costs against defendant in error, and it is thereupon ordered and adjudged that the judgment of the court of common pleas be reversed, at the costs of defendant in error, Joseph Martin as administrator, and that of the justice be affirmed and that the case be remanded for further proceedings.

*W. & A. H. Stillwell,* for plaintiff in error.
*Himebaugh & Nicholas,* for defendant in error.